Dewey, J.
Prather, overseer of the poor of Liberty township in the county of HendrieJcs, filed a complaint before the Probate Court of that county, setting forth that Stanton, disregarding his duty as a parent, “ wickedly ” neglected, for an unreasonable period of time, to provide for his infant children, who were actually in a suffering condition for the want of the necessaries of life; that Prather, in his official capacity, had demanded of Stanton his minor children for the purpose of binding them out as apprentices, to the end that they might be provided for, and trained to habits of industry. Stanton pleaded not guilty; whereupon, a jury *being waived, the Court heard the testimony, and found him guilty of the charge alleged against him, and ordered that the overseer of the poor “ take and bind out as apprentices, according to the poor laws,” all the infant children of Stanton that could be found in his township. There was also judgment against Stanton for costs. It appears by a report of the overseer that he did bind out three of the minor children as apprentices.
The law authorizes overseers of the poor “to put out as apprentices all poor children whose parents are dead, or whose parents shall be found by the overseers unable to maintain them,” provided the parents, residing in the county where the proceedings are had, do not object; but if they do object, they are to be summoned before the Probate Court to show cause why their minor children should not be bound out; and if they fail to show sufficient cause to the contrary, the Court shall order the overseers to bind out the children in the manner prescribed by law. R. Stat., 1838, p. 431, 432, 438.
These provisions do not authorize the proceedings which were had .before the Probate Court in this cause. Overseers of the poor have no right to meddle with the children of living parents, unless they be found unable to maintain them. When such is the fact, and the parent objects to his child being apprenticed, the Probate Court has a right to act. In the complaint exhibited against Stanton, there is no allegation that *90 be was not perfectly able to support bis family. The charge is that he criminally neglected the wants of his children, and that they thereby became sufferers. Of this charge he was found guilty, and of none other. However reprehensible his conduct may have been, he did not, by mere neglect to perform his duty in providing for his family, subject the disposal of his children to the jurisdiction of the overseer of the poor, nor to that of the Probate Court. The law points out another mode of proceeding against those who neglect the wants of their families.
G. G. Nave for the plaintiff.
Per Guriain.—The judgment is reversed at the costs of the relator. Cause remanded, &c.